IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAURICE JABBOUR | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:05CV446 |
| | § | |
| ACCEPTANCE INDEMNITY INS. CO. | § | DEFENDANT |

### ORDER GRANTING MOTION TO DISMISS

THIS CAUSE COMES BEFORE THE COURT upon the Defendant's motion to dismiss [6] and for review of the case file. On May 11, 2006, the Court entered and Order to Show Cause, requiring Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's directives of February 15, 2006 that he obtain substitute counsel and respond to the Defendant's motion to dismiss. As of this date, Plaintiff has not responded to the Order. There has been no appearance by substitute counsel, nor has a response been filed to the Defendant's motion to dismiss. Plaintiff was admonished in the Court's May 11, 2006 Order that "his failure to respond to this order may result in dismissal of the case without any further notice." A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court will therefore exercise its discretion to dismiss this case pursuant to FED. R. CIV. P. 41(b) for Plaintiff's failure to prosecute and to comply with the Court's orders. Alternatively, Defendant's motion to dismiss may be granted as unopposed pursuant to Rule 7.2(C)(2) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [6] is **GRANTED**. Plaintiff's claims against the Defendant are dismissed.

**SO ORDERED AND ADJUDGED** this the 14th day of July, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE